## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Spinnaker Equipment Services, Inc., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No.: ) ) IN ADMIRALTY |
| Pan Ocean Container Supplies Co., Ltd., | ) ) |
| Defendant, | ) ) |
| and | ) ) |
| Container Applications Limited, LLC, | ) ) |
| Garnishee. | ) |

**VERIFIED COMPLAINT WITH REQUEST FOR:
(1) ISSUANCE OF PROCESS OF MARITIME ATTACHMENT AND
GARNISHMENT; AND (2) IN THE ALTERNATIVE REQUEST FOR
ISSUANCE OF A WRIT OF ATTACHMENT UNDER DELAWARE CODE**

Spinnaker Equipment Services, Inc. ("Spinnaker") brings this action against Pan Ocean Container Supplies Co., Ltd. ("Pan Ocean"), *quasi in rem,* pursuant to Supplemental Rule B for Certain Admiralty and Maritime Claims, requesting the issuance of process of maritime attachment and garnishment including against Garnishee. In the alternative, Spinnaker seeks an order permitting prejudgment writs of attachment in accordance with Delaware Code, 10 *Del. C.* § 3501 *et seq*. and Fed R. Civ. P. 64(a). Spinnaker, states as follows:

### Jurisdiction and Venue

1. This is an action within this Court's admiralty jurisdiction pursuant to 28 U.S.C. § 1333 and is an admiralty or maritime claim within Fed. R. Civ. P. 9(h). Spinnaker further brings this action pursuant to 9 U.S.C. §§ 1, 8 for security for arbitration which Spinnaker initiated against Pan Ocean in Hong Kong pursuant a purchase agreement for the purchase and sale of marine cargo containers between Spinnaker and Pan Ocean, as more fully detailed below.

32985424.1

2. Jurisdiction is also proper under 28 U.S.C. § 1332(a) because there is diversity and the amount in controversy exceeds $75,000, exclusive of interests and costs.

3. Venue is proper in this District because Garnishee, Container Applications Limited, LLC, ("Container Applications") can be found in this District.

4. Venue is also proper in this District because, upon information and belief, Pan Ocean's property is or soon will be in this District, namely through accounts payable due to Pan Ocean, because Garnishees are located or are found in this District.

5. Defendant Pan Ocean cannot be found in this District within the meaning of Supplemental Rule B. Specifically, Pan Ocean has no officers, owners, managers, or other affiliates which are Delaware residents, or which have any of their principal offices in Delaware.

**Parties and Garinshee**

6. Spinnaker is a corporation incorporated under the laws of California and is in the business of both leasing and selling new and used marine cargo containers.

7. Pan Ocean is a Chinese corporation that manufactures and sells marine cargo containers.

8. Upon information and belief, Garnishee Container Applications Limited, LLC, a Delaware limited liability company, is a purchaser of intermodal containers. Spinnaker, on information and belief, as detailed below, reasonably believes Container Applications holds accounts or property of and/or owing to Pan Ocean

**Facts**

9. On or about August 7, 2019, Spinnaker and Pan Ocean (collectively "Parties") entered into a written purchase agreement – "Agreement Number: SES/POCS-2019" (herein "Agreement") – where Spinnaker agreed to purchase from Pan Ocean, and Pan Ocean agreed to sell, marine cargo containers manufactured by Pan Ocean. This Agreement formed a maritime

contract between the Parties.  The Agreement was further expressly incorporated into subsequent purchase orders – also maritime contracts - between the Parties.

    10.    Clause 14 of the Agreement provides:

This Agreement shall be governed by the laws of Hong Kong SAR. Any controversy, dispute, or claim arising out of or in relation to the interpretation or otherwise of any of the causes of this Agreement shall be finally settled in accordance with the rules of Hong Kong International Arbitration Center.  The proceedings shall take place in Hong Kong SAR, and shall be held in English language.

    11.    Clause 11 of the Agreement provides:
The rights and remedies of both parties provided in this Agreement and any applicable Purchase Order shall not be exclusive but in addition to any rights and remedies provided by the law of any jurisdiction.

    12.    Clause 5 of the Agreement provides:

a) The parties agree that it would be impracticable or extremely difficult to fix the actual damage arising from the Seller's failure to deliver the Containers. Therefore, in the event Seller fails to make any of the Containers ready for delivery within 15 days after the end of the contractual month in which any such container is scheduled to be produced and delivered, except for reasons of Force Majeure as defined in Clause 12, then the Seller shall be liable to the Buyer for liquidated damages at the rate of US $5.0 for each 20' Dry Container (or as otherwise set forth in the applicable purchase order) until the day on which the Seller makes each such container ready for delivery. If the Containers, or any of them, have not been made so ready for delivery by 15 days after the end of the scheduled production month, whether for reason of Force Majeure or otherwise, the Buyer may, at its sole option, terminate this Agreement with respect to any undelivered containers by seven (7) day's notice in writing without prejudice to any other rights and remedies then or thereafter available to the Buyer hereunder or otherwise.

b) Liquidated damages payable under this Clause shall be in addition to, and not in lieu of, any damages to which the Buyer may be entitled if this Agreement is terminated due to the Seller's default, and the Buyer's rights and remedies shall in no way be diminished or impaired by reason of the inclusion of the foregoing liquidated damages provision in this Agreement.

    13.    On or about February 24, 2021, March 1, 2021, and March 3, 2021, Spinnaker placed, and Pan Ocean accepted, a series of purchase orders for marine cargo containers.

    14.    The containers purchased by Spinnaker were anticipated to be used on maritime

vessels and immediately placed into ocean service for the movement of maritime freight. This use was consistent with past marine cargo containers purchased from Pan Ocean that Spinnaker had leased to shipping lines or a Non-Vessel Operating Common Carriers ("NVOCC") who – in turn - placed them on an ocean-going vessel.

15. Clause 1.a of the Agreement provided that the "design construction and production of the Containers …. [were] subject to final approval by Buyer and or Buyer's Customer, if applicable."

16. Pan Ocean manufactured and delivered only a portion of the marine cargo containers ordered and accepted on or about February 24, 2021. Pan Ocean failed to manufacture or make ready for delivery, at any time, some of the containers ordered and accepted on February 24, 2021.

17. Pan Ocean failed to manufacture or make ready for delivery, at any time, all of the containers ordered on March 1, 2021, and March 3, 2021.

18. Pursuant to the Agreement, Spinnaker, on or about July 30, 2021, commenced arbitration with the Hong Kong International Arbitration Centre.

19. On June 15, 2022, the arbitrator appointed by the Hong Kong International Arbitration Centre issued a "Final Award" – **Exhibit 1 herein -** ordering:

   a. Pan Ocean to pay Spinnaker liquidated damages in the sum of US $4,080,240.

   b. Pan Ocean to pay Spinnaker damages for non-delivery in the sum of US $5,923,372.

   c. Pan Ocean to pay Spinnaker pre-award interest on the principal amount of US $4,080,240 accrued on simple basis at 2.125% from April 16, 2021, to June 15, 2022. [By Spinnaker's calculation this results in an amount of US $100,957.99].

   d. Pan Ocean to pay Spinnaker pre-award interest on the principal amount of US $5,923,372 accrued on simple basis at 4.25% from December 16, 2021, to June 15, 2022. [By Spinnaker's calculation this results in an amount of

        US $124,837.09].

    e.    Pan Ocean to pay Spinnaker the costs of arbitration in the amount of HK $209,046.72 [US$ 26,629.98 at time of award as calculated by Spinnaker] and US $50,875.67.

    f.    Pan Ocean to pay Spinnaker post-award interest on the amounts of US $4,080,240; US $4,080,240; HK $209,046.72 and US $50,875.67 the rate of interest determined by the Chief Justice under section 49(1)(b) (interest of judgments) of the Hong Kong High Court Ordinance Cap. 4 from the date of this Final Award until full payment is made.

20.    The total amount owed to Spinnaker by Pan Ocean under the arbitration "Final Award," plus awarded attorney fees and interest, is now at least US $12,971,420.00. Interest and legal fees continue to accrue.

21.    Spinnaker previously (on or about October 10, 2022) commenced enforcement action on the "Final Award" in the mainland Chinese court system – specifically the Ningbo Maritime Court – and obtained an order granting its application for property preservation – freezing 73,170,834.85 RMB (i.e. Renminbi-China's currency) of Pan Ocean's funds– the provisional equivalent of US $10,306,912.73.

22.    Upon Pan Ocean's funds being frozen in China, Pan Ocean applied to the Hong Kong Court to set aside the arbitration award. The Hong Kong Court, on July 9, 2024, denied Pan Ocean's request. Pan Ocean subsequently applied for leave to appeal against the Hong Kong Court's decision of July 9, 2024. In an order dated February 14, 2025, the Hong Kong Court denied Pan Ocean's request for leave to appeal the Hong Kong Court's decision of July 9, 2024. **Exhibit 2** (denying leave to appeal and noting that many of Pan Ocean's arguments were not reasonably arguable).

23.    On February 28, 2025, Pan Ocean applied for leave to appeal the February 14, 2025, Hong Kong Court order. No further appeal, however, is permissible. Pan Ocean's February 28, 2025 application lacks merit and does not affect the validity or enforceability of the

arbitration "Final Award."

24. Pan Ocean has not paid Spinnaker the amounts due under the "Final Award," and interest continues to accrue.

### Specific Allegations – Garnishee

25. In the Northern District of California, *Spinnaker Equipment Services, Inc. v. Pan Ocean Container Supplies Co. Ltd.*, Case No. 25-cv-00782 (Judge Rogers) (herein "California action"), Spinnaker filed an action against Pan Ocean and named CAI International, Inc. ("CAI") as a garnishee.

26. CAI International, Inc.'s CFO, David B. Morris, filed a declaration in the California action denying that CAI had any contracts with Pan Ocean, but stating that, "[o]ne of CAI's affiliates does purchase goods from POCS [Pan Ocean] from time to time." ECF 32-1.

27. Upon, information and belief, Garnishee Container Applications Limited, LLC ("Container Applications"), a Delaware domestic LLC, is affiliated with CAI International, Inc., and industry sources report that Container Applications – at times – purchases containers.

28. Recent photos from March 2025 from Pan Ocean's factory yard – below -show recently built containers that contain CAI's logo.





29. CAI's website allows users to search for information about CAI containers. A search for one of the containers in the above photo – see below screen shot - documents that Pan

32985424.1

7

Ocean is supplying containers – manufactured in January 2025 to CAI -or a CAI affiliate - for use by CAI.



30. Upon information and belief, Pan Ocean continues to manufacture containers in March 2025 for the ultimate benefit and use by CAI or a CAI affiliate.

31. Spinnaker, therefore, reasonably believes this Garnishee owes accounts or holds property of Pan Ocean.

## Count I – Breach of Maritime Contract

32. Spinnaker repeats and incorporates the previous paragraphs as though fully set forth herein.

33. Pan Ocean breached the Agreement – a maritime contract – with Spinnaker and caused Spinnaker damages, which are subject to Hong Kong arbitration, for which damages, as outlined in paragraph 20 above, were awarded in a "Final Award" to Spinnaker. Spinnaker seeks additional security by way of funds and other property held by Garnishee as demanded below.

## Count II – Process of Maritime Attachment and Garnishment (Supplemental Rule B)

34. Spinnaker repeats and incorporates the previous paragraph as though fully set

32985424.1

forth herein.

35.     Spinnaker seeks issuance of process of maritime attachment and garnishment so that it may obtain security for its claims in arbitration as detailed in the arbitration "Final Award," and which is before the Chinese court for enforcement.

36.     Pan Ocean cannot be found within this District within the meaning of Rule B, but is believed to have, or will have during the pendency of this action, property and/or assets in this jurisdiction consisting of cash, property including intangible property, funds, accounts owed or held for Pan Ocean, and/or credits in the hands of one or more garnishees in this District, including the Garnishee.

37.     Spinnaker therefore respectfully requests the Court to issue a writ of maritime garnishment pursuant to Supplemental Rule B as set out below.

### Count II – Writ of Attachment – Delaware Code, 10 Del. C. § 3501 et seq.). (In the Alternative)

38.     Spinnaker repeats and incorporates the following as though fully set forth herein. Spinnaker seeks a writ of attachment under the Delaware Code (10 *Del. C*. § 3501 *et. seq*.) – in the alternative – should this Court determine that the Agreement is not a maritime contract. **Exhibit 2,** hereto**.**

39.      Fed R. Civ. P. 64(a) provides that:

 (a) Remedies Under State Law—In General. At the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment.

(b) Specific Kinds of Remedies. The remedies available under this rule include the following—however designated and regardless of whether state procedure requires an

independent action: arrest; attachment; garnishment; replevin; sequestration; and other corresponding or equivalent remedies.

40. Delaware Code - 10 *Del. C*. § 3501 *et. seq*. - permits prejudgment writs of attachment. "Writs of attachment in Delaware 'have as their underlying purpose the seizure of the defendant's property as a method to compel appearance, either because, under a writ of domestic attachment, the defendant has absconded, 10 *Del.C*. § 3501, or, under a writ of foreign attachment, the defendant is a non-resident. 10 *Del.C*. § 3506.'" *Noramco LLC v. Dishman USA, Inc.,* No. CV 21-1696-WCB, 2024 WL 4534164, at *2 (D. Del. Aug. 15, 2024)(citations omitted).

41. Specifically, Delaware Code - 10 *Del. C*. § 3506 provides:

A writ of foreign attachment may issue against any individual not an inhabitant of this State on any cause of action after proof satisfactory to the court that the defendant cannot be found, that the defendant resides out of the State, and that plaintiff has a good cause of action against the defendant in a sum exceeding $50.

42. Pan Ocean is a foreign company that has not appeared in the proceeding and is not present in the District.

43. Spinnaker's claim is based on an expressed contract, specifically, a foreign arbitral award based on a written contract between Spinnaker and Pan Ocean.

44. Spinnaker's claim is a readily ascertainable amount that exceeds $50.

45. Spinnaker does not seek the attachment for a purpose other than recovery of the claim upon which the request for attachment is based.

## Prayer for Relief

WHEREFORE, Spinnaker prays:

A. That, as Pan Ocean cannot be found within this District, and pursuant to

Supplemental Rule B, this Court issue an Order directing the Clerk to issue Process of Maritime Attachment and Garnishment to garnish and attach property of Pan Ocean including, but not limited to, accounts payable or to be owed from Garnishee to Pan Ocean in the amount of **US $12,971,420.00.** (the "Final Award" plus accruing awarded attorney fees and interest detailed above)(herein, the "Security Amount");

  B. That, Process provides for the attaching of all tangible or intangible property, or any funds held by any Garnishee, up to the Security Amount; and that upon that total amount being garnished and attached, that this Court recognize the "Final Award," and enter judgment for Spinnaker, ordering that judgment upon recognition of the arbitrator "Final Award" by this Court be paid from the Security Amount.

  C. That, any persons claiming any interest in the property attached by such Process be cited to appear and, pursuant to Supplemental Rule B, answer the matters alleged in this Verified Complaint;

  D. That, a person over 18 years of age be appointed as moved for herein, pursuant to Supplemental Rule B and Fed. R. Civ. P. 4(c), to serve Process of Maritime Attachment and Garnishment;

  E. That, should this Court find that the Agreement is not a maritime contract, in the alternative, this Court issue an Order for a Writ of Attachment pursuant to Delaware Code- 10 Del. C. § 3501 et. seq. - to garnish and attach property of Pan Ocean including, but not limited to, accounts payable or to be owed from Garnishees to Pan Ocean in the amount of **US $12,971,420.00** (the "Final Award" plus accruing awarded attorney fees and interest detailed above) (herein, the "Security Amount"); and that said Writs provide for the attaching of all tangible or intangible property, or any funds held by any Garnishee, up to the Security Amount; and that upon that total amount being garnished and attached, that this Court recognize the "Final

Award," and enter judgment for Spinnaker, ordering that judgment upon recognition of the arbitrator "Final Award" by this Court be paid from the Security Amount.

   F. That this Court award Spinnaker such other and further relief that this Court deems just and proper.

| | |
|---|---|
| OF COUNSEL: | YOUNG CONAWAY STARGATT & TAYLOR LLP |
| J. Stephen Simms<br>Simms Showers LLP<br>201 International Circle, Suite 230<br>Baltimore, MD 21030<br>Telephone: (410) 783-5795<br>Facsimile: (410) 510-1789<br>jssimms@simmsshowers.com | */s/ Timothy Jay Houseal*<br>Timothy Jay Houseal (Del. Bar No. 2880)<br>Rodney Square<br>1000 North King Street<br>Wilmington, DE 19801<br>Telephone: (302) 571-6682<br>thouseal@ycst.com |

      *Attorneys for Spinnaker Equipment Services, Inc.*

Dated: March 19, 2025