**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| Spinnaker Equipment Services, Inc., | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No.: |
| | ) IN ADMIRALTY |
| Pan Ocean Container Supplies Co., Ltd., | ) |
| Defendant, | ) |
| and | ) |
| Container Applications Limited, LLC, | ) |
| Garnishee. | ) |

**MOTION AND MEMORANDUM FOR ORDER FOR ISSUANCE OF**
**PROCESS OF MARITIME ATTACHMENT AND GARNISHMENT**

Plaintiff Spinnaker Equipment Services, Inc. ("Spinnaker") hereby moves, pursuant to Supplemental Rule B of the Federal Rules of Civil Procedure, for the issue of Process of Maritime Attachment and Garnishment ("Writs") for property of Defendant Pan Ocean Container Supplies Co., Ltd. ("Pan Ocean") held or controlled by Garnishee or its agents located in this District, and providing further that the Clerk may issue additional writs on application of Plaintiff. In further support of this motion, Plaintiff states as follows.

Supplemental Rule B(a) provides as follows:

> If a defendant is not found within the district, when a verified complaint praying for attachment and the affidavit required by Rule B(1)(b) are filed, a verified complaint may contain a prayer for process to attach the defendant's tangible or intangible personal property - up to the amount sued for - in the hands of garnishees named in the process.

Plaintiff has filed a Verified Complaint seeking process to attach and garnish, pursuant to Supplemental Rule B, the property of Defendant Pan Ocean that is found in this District. This Court should now, on Plaintiff's Verified Complaint, and as Supplemental Admiralty and

32985478.1

Maritime Rule B provides, grant Plaintiff's motion directing the Clerk to issue the Supplemental Rule B Writs.

## Facts

As detailed in the Verified Complaint, Spinnaker placed, and Pan Ocean accepted, a series of purchase orders for marine cargo containers. Pan Ocean failed to manufacture or make ready for delivery all of the containers ordered by Spinnaker. Spinnaker commenced arbitration for the amounts due for the non-delivered containers and was issued a Final Award ordering Pan Ocean to pay liquidation damages to Spinnaker. Pan Ocean applied to the Hong Kong Court to set aside the arbitration award. The Hong Kong Court, on July 9, 2024, denied Pan Ocean's request. Pan Ocean subsequently applied for leave to appeal against the Hong Kong Court's decision of July 9, 2024. A hearing of that application took place on November 14, 2024. In an order dated February 14, 2025, the Hong Kong Court denied Pan Ocean's request for leave to appeal the Hong Kong Court's decision of July 9, 2024. On February 28, 2025, Pan Ocean applied for leave to appeal the February 14, 2025, Hong Kong Court order. No further appeal, however, is permissible. Pan Ocean's February 28, 2025 application does not affect the validity or enforceability of the arbitration "Final Award." Spinnaker, therefore, seeks maritime garnishment and attachment, pursuant to Supplemental Admiralty Rule B, to secure the Final Award, and the interest, attorneys' fees, and costs that continue to accrue.

### The Writ Seeks Property Held by the Named Garnishee in this District

> Specifically, Rule B notes that process of attachment can reach all of "the Defendant's tangible or intangible personal property" and courts have construed this language expansively to recognize a variety of attachable interests -- including funds in a bank account, escrow in the court registry, debts owed to a defendant, and an arbitration award in Defendant's favor.

*Consub Del. L.L.C. v. Schahin Eugenharia Limitada*, 676 F. Supp. 2d 162, 167 (S.D.N.Y. 2009) (footnotes omitted, emphasis added). "The Rule's use of the possessive form - "defendant's" -

makes ownership of the assets a criterion of their attachability. Rule B does not require that a defendant, in addition to ownership, have full control over its goods, chattels, credits or effects." *Starboard Venture Shipping v. Casinomar Transp.*, 1993 U.S. Dist. LEXIS 15891, *9 (S.D.N.Y. Nov. 9, 1993).

> Rule B(1) . . . provides that a maritime Plaintiff may 'attach the Defendant's tangible or intangible personal property.' It is difficult to imagine words more broadly inclusive than 'tangible or intangible.'" *Winter Storm Shipping, Ltd. v. TPI*, 310 F.3d 263, 276 (2d Cir. 2002) (citation omitted). Given the breadth of Rule B, it is recognized that the Rule permits a Plaintiff to attach, for example, "debts owed to the Defendant . . . even if they have not yet matured or have only partially matured," provided that "the Defendant's entitlement to the credit or interest in the debt [is] clear." Id. (*quoting* Robert M. Jarvis, An Introduction to Maritime Attachment Practice Under Rule B, 20 J. Mar. L. & Com. 521, 530 (Oct. 1989)). Accordingly, it has been held that where a transfer of funds between two third-parties is shown to have been made for the benefit of a Defendant subject to an order of attachment, the Defendant's "property interest in" the transfer may be "sufficient to render it attachable under Rule B." *Essar Int'l, Ltd. v. Martrade Gulf Logistics*, FZCO, No. 07 Civ. 3439 (WHP), 2007 U.S. Dist. LEXIS 61713, 2007 WL 2456629, at *2 (S.D.N.Y. Aug. 23, 2007).

*Novoship (UK) Ltd. v. Ruperti*, 567 F. Supp. 2d 501, 505 (S.D.N.Y. 2008).

Plaintiff has, in the Verified Complaint, set out enough facts to state a claim to relief that is plausible on its face and that the Garnishees hold property of Defendant within the meaning of Supplemental Rule B. The proposed Writ filed herewith name entities that, on information and belief, do business with Pan Ocean. The proposed Order, submitted herewith, limits garnishment "to the amount sued for," as required by Supplemental Rule B.

Plaintiff's Verified Complaint sets out the factual "bases for its belief that [D]efendant[s'] property may be found within this District, as well as the garnishees it seeks authorization to serve." *Wight Shipping, Ltd. v. Societe Anonyme Marocaine de L'Industrie Du Raffinage S.A.*, 2008 U.S. Dist. LEXIS 106420, *7 (S.D.N.Y. Nov. 24, 2008) (considering pleading requirements for "property held by garnishee" under Rule B). "At the pleading stage, no

obligation exists to prove anything, only to allege 'enough facts to state a claim to relief that is plausible on its face.'" *Capitol Records, Inc. v. City Hall Records, Inc.*, 2008 U.S. Dist. LEXIS 55300, *21–22 (S.D.N.Y. July 18, 2008) (*quoting Bell Atlantic Corp v. Twombly*, 550 U.S. 544 (2007)). Plaintiff's allegations

> demonstrate a "plausible" entitlement to a maritime attachment" because they "at least show that it is plausible to believe that Defendant's property will be "in the hands of" garnishees in [this District] at the time the requested writ of attachment is served or during the time that service is effected.

*Peninsula Petroleum Ltd. v. New Econ Line Pte Ltd.*, 2009 U.S. Dist. LEXIS 24470, *5 (S.D.N.Y. Mar. 17, 2009).

This Court therefore should enter the proposed Order, providing for the Clerk to issue the requested Writ, because Plaintiff's Verified Complaint alleges facts that make it plausible to believe that: "(1) it has a valid *prima facie* admiralty claim against the [D]efendant [ ] (2) the Defendant [ ] cannot be found within the district; (3) the [D]efendant [s'] property may be found within the district; and (4) there is no statutory or maritime law bar to the attachment." *Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.*, 460 F.3d 434, 445 (2d Cir. 2006); *Peninsula Petroleum*, 2009 U.S. Dist. LEXIS 24470 at *2–3.

Plaintiff seeks attachment of Defendant's property, namely accounts payable due to Pan Ocean from the Garnishee and any other funds/property maintained by the Garnishee for the benefit of Pan Ocean.

WHEREFORE, for the reasons stated herein, Plaintiff respectfully requests that the Court grant the instant Motion and direct the Clerk to issue the Writ requested. Plaintiff herewith submits a draft order.

|  |  |
|---|---|
| OF COUNSEL:<br><br>J. Stephen Simms | YOUNG CONAWAY STARGATT<br>& TAYLOR LLP<br><br>*/s/ Timothy Jay Houseal*<br>Timothy Jay Houseal (Del. Bar No. 2880) |

32985478.1

4

| | |
|---|---|
| Simms Showers LLP | Rodney Square |
| 201 International Circle, Suite 230 | 1000 North King Street |
| Baltimore, MD 21030 | Wilmington, DE 19801 |
| Telephone:  (410) 783-5795 | Telephone:  (302) 571-6682 |
| Facsimile:  (410) 510-1789 | thouseal@ycst.com |
| jssimms@simmsshowers.com | |

*Attorneys for Spinnaker Equipment Services, Inc.*

Dated: March 19, 2025